COWAN DEBAETS ABRAHAMS
   & SHEPPARD LLP
David Bruce Wolf, Esq.
Robert F. Van Lierop, Esq.
41 Madison Avenue - 34th Floor
New York, New York 10010
(212) 974-7474
dwolf@cdas.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                  :

THE REPUBLIC OF RWANDA,          :

                       Plaintiff,    :   07 Civ. 7663 (JSR)

                                  :

        -against-              :

JOSEPH J. FERONE, ESQ.; FERONE & FERONE,  :
and 333 S. HEALEY AVENUE CORP.,       :

                                  :

                    Defendants.   :
-------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
ORDER TO SHOW CAUSE AND IN OPPOSITION TO THE CROSS-MOTION**

{A060608.DOC/1}

## TABLE OF CONTENTS

PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THE ORDER TO SHOW CAUSE AND IN OPPOSITION TO THE
CROSS-MOTION................................................................................................1

    I.     Defendants Are Not Entitled to Partial Rescission for
            Mutual Mistake of Fact .........................................................................1

    II.    Unjust Enrichment Has Not Occurred to Justify Partial Rescission.........3

    III.   There is No Ambiguity to Warrant Introduction of Parole Evidence.......4

CONCLUSION.................................................................................................5

{A060608.DOC/1}

## <u>TABLE OF AUTHORITIES</u>

*Matter of Gould v. Board of Education*, 81 N.Y.2d 446, 449-50, 453, 599 N.Y.S.2d 787 (1983) ...............................................................................................................................2

*Melia v. Rima,* 204 A.D.2d 955, 957-58, 612 N.Y.S.2d 506 (3rd Dept. 1994) ...................2

*Bekis v. Lake Minnewaska Mountain Houses*, 170 A.D.2d 124,130, 573 N.Y.S.2d 33 (3rd Dept. 1991) .......................................................................................................................2

*D'Antoni v. Goff*, 52 A.D.2d 973, 974, 383 N.Y.S.2d 117 (3rd Dept. 1976) .....................2

*Sharp v. Kosmalski*, 40 N.Y.2d 119, 386 N.Y.S.2d 72 and 122-123 (1976) .....................3

*Teig v. Suffolk Oral Surgery Associates*, 2 A.D.3d 836, 837-38, 769 N.Y.S.2d 599 (2d Dept. 2003) .......................................................................................................................4

{A060608.DOC/1}

COWAN DEBAETS ABRAHAMS
   & SHEPPARD LLP
David Bruce Wolf, Esq.
Robert F. Van Lierop, Esq.
41 Madison Avenue - 34th Floor
New York, New York 10010
(212) 974-7474
dwolf@cdas.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                        :

THE REPUBLIC OF RWANDA,           :

                       Plaintiff,       :     07 Civ. 7663 (JSR)

                                  :

          -against-                :

                                  :

JOSEPH J. FERONE, ESQ.; FERONE & FERONE, :
and 333 S. HEALEY AVENUE CORP.,          

                                  :

               Defendants.      :
---------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE ORDER TO SHOW CAUSE AND IN OPPOSITION TO THE CROSS-MOTION

       Plaintiff the Republic of Rwanda ("Rwanda") submits this memorandum of law in further support of the Order to Show Cause and in opposition to defendants' cross-motion.

### I.    Defendants Are Not Entitled to Partial Rescission for Mutual Mistake of Fact

       Defendants argue that paragraph 38 of the Rider to the Contract of Sale (Exhibit "A" to the Order to Show Cause) – which provides that "Seller shall have three (3) years from the closing of title to obtain subdivision approval" and that "[i]n the event the subdivision is not approved, the deed and transfer documents for the subdivision

1

{A060608.DOC/1}

parcel shall be returned to Purchaser with no further action taken or required" – should be rescinded because both parties entered into the contract under a mutual mistake of fact "as to how long it would take to obtain the subdivision approval." Maffel Afft. ¶ 15; Defts. Mem. 5-8.

As stated in the New York Court of Appeals case cited by defendants, "[t]he mutual mistake [of fact] must exist at the time the contract is entered into and must be substantial." *Matter of Gould v. Board of Education*, 81 N.Y.2d 446, 453, 599 N.Y.S.2d 787 (1983). In that case, a proceeding by petitioner to regain her tenured teaching position, both parties, at the time of petitioner's resignation and the Board of Education's acceptance of that resignation, operated under the mistake of fact that petitioner's status was as a probationary teacher rather than as a tenured teacher. 81 N.Y.2d at 449-50.

Defendants' other cases also involved mutual mistakes of fact existing at the time of contracting. *See Melia v. Rima*,. 204 A.D.2d 955, 957-58, 612 N.Y.S.2d 506 (3rd Dept. 1994) (possible mutual mistake of fact that at time of contracting an adequate sewage disposal system had been installed); *Bekis v. Lake Minnewaska Mountain Houses*, 170 A.D.2d 124,130, 573 N.Y.S.2d 33 (3rd Dept. 1991) (mutual mistake of fact at the time of contracting as to plaintiff's rights under a prior contract with a third party); *D'Antoni v. Goff*, 52 A.D.2d 973, 974, 383 N.Y.S.2d 117 (3rd Dept. 1976) (mutual mistake of fact at time of contracting that plaintiff was selling and defendant was buying about 15 acres of land when in fact 68.3 acres were being conveyed).

In this case, however, "how long it would take to obtain subdivision approval" was not a matter of fact at the time of contracting that could be shown to be true or false at that time. Instead, paragraph 38 of the Rider related to a future event:

2

{A060608.DOC/1}

whether or not the Seller (defendant 333 S. Healey Avenue Corp.) would obtain

subdivision approval within three years of the closing. There was no mutual mistake of

fact at the time of contracting, but a future contingency that was freely assumed by the

Seller, but that it did not meet. Defendant 333 S. Healey Avenue Corp. may have

miscalculated as to the amount of time that it would take to obtain subdivision approval

and/or it may not have pursued the approval process with sufficient diligence[1], but the

possibility that the subdivision would not be approved within the three-year period was a

contingency for which it explicitly assumed responsibility under the clear terms of the

contract.[2]

## II.    Unjust Enrichment Has Not Occurred to Justify Partial Rescission

Defendants' argument that the contract should be rescinded because

plaintiff would otherwise be "unjustly enriched" (Defts.Mem. 9) should also be rejected.

This is not like the situation in *Sharp v. Kosmalski*, 40 N.Y.2d 119, 386 N.Y.S.2d 72

(1976), involving the transfer of property in reliance on a confidential relationship, which

the Court of Appeals found to be a "classic example where equity should intervene to

scrutinize a transaction pregnant with opportunity for abuse and unfairness." 40 N.Y.2d

at 122-123.

---

[1]  Although defendants claim that they "vigorously" pursued the application, and used
their "best efforts" in the process (Defts.Mem.11), they present facts indicating the
opposite. In her affidavit, Josephine Maffei states that defendants did not deliver a
complete application to the Town Planning Staff until August 2005, a year and a half
after the closing of the contract with plaintiff. Maffei Afft. ¶ 8.

[2]  As shown in the accompanying declaration of Robert Van Lierop, Esq., the three-year
requirement for obtaining the approval was included in the contract at defendants' request
after plaintiff rejected defendants' first proposal that no time limit be set for that event to
occur. Van Lierop Decl. ¶¶7-8.

3

{A060608.DOC/1}

The instant situation by contrast involves a real estate transaction between a real estate developer and a foreign government, both represented by counsel, where the opportunity for abuse, if any, would more likely be at the instance of the local developer. Defendants may now believe that they made a bad bargain because the subdivision was not approved within the required three year period, but this result did not arise from any abuse or unfairness by plaintiff.

**III.    There is No Ambiguity to Warrant Introduction of Parole Evidence**

Now conceding that the words "not approved" are "clear on their face", defendants argue that there is still a "latent ambiguity" to allow the introduction of parole evidence "for the purpose of ascertaining the true intention of the parties as expressed in the agreement." That "true intention" according to defendants is that "[t]he defendants need to be denied and not 'not approved' for Rwanda to be able to lawfully lay claim to rightful ownership of the property." Defts.Mem. 10-11. But there is no ambiguity, latent or otherwise, in the words "not approved".

The one case cited by defendants on "latent ambiguity" under New York law found such an ambiguity in whether a "group term insurance policy qualifies as a disability buy-out policy for the purposes of the employment agreement." *Teig v. Suffolk Oral Surgery Associates*, 2 A.D.3d 836, 837-38, 769 N.Y.S.2d 599 (2d Dept. 2003). The court accepted that construction because it "'would most closely effectuate the purpose'" of the disability provision in the agreement.

By contrast, defendants are really arguing that a "latent ambiguity" should be found in the words "not approved" because they now do not like the bargain that they struck in the contract with plaintiff. They never identify the parole evidence that they seek to admit other than that "it was never their intention to transfer the property to

4

{A060608.DOC/1}

Rwanda absent a denial from the Town of Greenburgh."[3] Defts Mem. 11. But that was clearly not the intention of the parties at the time of contracting. To judicially reform the parties' agreement to change "not approved" to "denied" so that the agreement would provide that the deed and transfer documents would be returned to plaintiff "in the event the subdivision is *denied*" would certainly not "effectuate the purpose" behind the agreement. It would mean that defendants could avoid ever having to return the documents to plaintiff simply by not pursuing the approval process or by delaying the process indefinitely, contrary to the parties' unambiguous intention to put a three-year time limit on that matter.

## CONCLUSION

The relief requested in the Order to Show Cause should be granted, with such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          September 19, 2007

                                        COWAN DEBAETS ABRAHAMS
                                        & SHEPPARD LLP

                                        By _____

                                        David Bruce Wolf (DW-2077)
                                        Robert F. Van Lierop (RVL -4659)
                                        41 Madison Avenue - 34th Floor
                                        New York, New York 10010
                                        (212) 974-7474
                                        dwolf@cdas.com
                                        Attorneys for Plaintiff
                                        The Republic of Rwanda

---

[3] The Residential Contract of Sale ¶ 28(a) provides in any event that "all prior understanding, agreements, representations and warranties, oral or written, between Seller and Purchaser are merged in this contract; it completely expresses their full agreement and has been entered into after full investigation, neither party relying upon any statement made by anyone else that is not set forth in this contract." (Exhibit "A" to Order to Show Cause).

5

{A060608.DOC/1}

## PROOF OF SERVICE

I am employed in the County of New York, State of New York.  I am over the age of 18 and not a party to the within action; my business address is 41 Madison Avenue, 34th Floor, New York, New York 10014.

On **September 19, 2007,** I caused to be served **PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE ORDER TO SHOW CAUSE, AND IN OPPOSITION TO THE CROSS-MOTION** and **DECLARATION IN FURTHER SUPPORT OF THE ORDER TO SHOW CAUSE AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION** by e-mail and Federal Express, addressed as follows:

**Alfred A. Delicata, Esq.**
**484 White Plains Road**
**Eastchester, NY 10709**
**italdel@aol.com**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at New York, New York on this 19th day of September, 2007.

Deborah Mays