UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X        07 Civ. 7663(JSR)
THE REPUBLIC OF RWANDA,

                Plaintiff,

   -against-                                                                **AFFIRMATION**

JOSEPH J. FERONE, ESQ.; FERONE &
FERONE and 333 S. HEALEY AVENUE CORP.,

                Defendants.
-----------------------------------------------------------X

       ALFRED A. DELICATA, being duly sworn, deposes and says:

    1.    I am an attorney at law duly licensed to practice before all of the Courts of the State of New York.  As such I am making this affirmation in opposition to Plaintiff's Memorandum of Law in support of the Order to Show Cause and in further Support of Defendants' cross motion for rescission.

    2.    Plaintiff's assert that "how long it would take to obtain subdivision approval" was not a matter of fact that could be shown to be true or false at the time of contracting",and that the subdivision approval was a future contingency.  Plaintiff's Memorandum of Law at pgs. 2,3.  However, the three year period and subdivision approval are so fundamentally relevant to the core of the contract that since the parties were unaware regarding the real time it would take to procure same then it is clear that the parties were laboring under a mutual mistake of fact.

    3.    The Van Lierop Declaration sheds light on this point and actually credits the defendant's argument.  At Exhibit C is the proposed contract of sale and rider for the transaction that does not specify a time frame for subdivision approval.  Mr. Van Lierop then baldly alleges that the transfer of the property was an inducement for Rwanda to

enter into the contract.  He continues that the defendants then requested two years and then subsequently three years to obtain subdivision approval.  See Van Lierop Declaration at paras. 6,7,8.  However he fails to account the fact that the consideration for the property never increased or decreased in connection with the reduction or increase of time that would be allowed for the subdivision approval to be obtained.  The purchase price of for the property always remained constant.  There was no inducement to Rwanda nor was there any additional negotiation or consideration given by either party to shift the time frame from no limit for approval to two years to the final three year limit.  Defendants assert that the Court should accept the Van Lierop version of events as detailed above because it demonstrates how mistaken the parties were on a fundamental issue of the contract, to wit, how long the subdivision approval process would take.

4.     Obviously, the parties never intended to transfer the property for no additional consideration.  The Van Lierop declaration is also supportive of the Defendants' position in that the declaration speaks to the negotiation process that occurred in arriving at the contract that was ultimately executed by the parties.  Defendants submit that it should be the province of the ultimate fact finder to determine the real intent of the parties.  Counsel should not be allowed to propound their version, unfettered, unless they are subject to cross examination like any other witness.

5.     Furthermore Plaintiff's memorandum fails to rebut the letter of Thomas Madden, Deputy Commissioner for the Town of Greenburgh, Department of Community Development and Conservation, in which he specifically noted "that changes to the Code of the Town of Greenburgh have greatly increased both the review and approval process time period" and "This is due to the fact that the applicant must supply a substantial

amount of additional information for review and consideration by both the Town's departments and Planning Board that had not been previously required.". See Maffei Affidavit. The parties were obviously laboring under a mutual mistake as there was no way for either party to know how long the process would take. It appears even Mr. Madden, an official within the municipality well versed in the approval process would be unable to accurately set forth to a certainty how long a subdivision would take.

6. Regarding 333 Corp.'s unjust enrichment claims Plaintiff requests that this Court turn a blind eye to the real financial impact of this case. Lot 60A was appraised at Eight Hundred and Thirty Five Thousand ($835,000.00) Dollars. See Delicata Affirmation at Exhibit A. That Rwanda is now laying claim to Lot 60A as part of the original contract leads to an unconscionable result. Rwanda should not be allowed to prevent the defendants from finalizing the subdivision process and have this matter heard at public hearing. It is beyond facile that given the financial facts at bar, Rwanda would be unjustly enriched if allowed to attain ownership of a lot that has so much potential value as a building lot as well as inherent value as additional property to the land purchased for value by Rwanda. Moreover, the Maffei Affidavit demonstrates both the tremendous financial investment in this project as well as the ruinous impact not proceeding with the subdivision process would cause.

7. Defendants object to Plaintiff's assertion that they would delay or otherwise not pursue the approval process without the three year time limit. Plaintiff's Memo. at pg 5. 333 Corp. has not delayed or failed to pursue their subdivision approval. To the contrary, the credible evidence before this Court is that 333 Corp., has expended considerable sums of time and money in pursuit of same. If any further proceedings

are held on this matter, defendants would procure and provide the Court with detailed information regarding the affirmative steps taken by 333 Corp. in connection with the pursuit of this valuable approval.

8.      Plaintiff's assertion regarding the purpose of the agreement is also flawed. Inherent and essential to any agreement is that the intent of said agreement not be frustrated. Here, the intent was not to start an approval process or to observe a three year time limit but to get a determination from the relevant Board on the question of subdivision approval. To allow Rwanda to deprive 333 Corp. from pursuing that approval especially at this late stage of the proceeding provides an unconscionable result. The matter was scheduled for public hearing in August. But for the letter of interference submitted by Rwanda's counsel to the Town of Greenburgh, the matter would have been determined on the merits with no further legal intervention necessary. Josephine Maffei affirmatively stated that if the subdivision was denied, 333 Corp. would have acted in accordance with the terms of the agreement and not interfered with Rwandan ownership of the property.

WHEREFORE, your affirmant respectfully requests that the Order to Show Cause be denied and that Defendants' cross motion for rescission be granted in its entirety or in the alternative that this Court issue an Order compelling Plaintiff's to have the

Defendants' application be restored to the Calendar for Public Hearing and that further proceedings be ordered herein.

Dated: Eastchester, New York
      September 21, 2007

                                        _____
                                        ALFRED A. DELICATA (AD-2875)
                                        Attorney for Defendants
                                        484 White Plains Road
                                        Eastchester, New York 10709
                                        (914) 337-8080