COWAN DEBAETS ABRAHAMS
   & SHEPPARD LLP
David Bruce Wolf, Esq.
Robert F. Van Lierop, Esq.
41 Madison Avenue - 34th Floor
New York, New York 10010
(212) 974-7474
dwolf@cdas.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                   :

THE REPUBLIC OF RWANDA,             :

                           Plaintiff,         :    07 Civ. 7663 (JSR)

          -against-                   :

JOSEPH J. FERONE, ESQ.; FERONE & FERONE, :
and 333 S. HEALEY AVENUE CORP.,
                                                :

                       Defendants.    :
------------------------------------------------------------------x


**MEMORANDUM IN SUPPORT OF PLANTIFF'S MOTION
FOR AN AWARD OF ATTORNEY'S FEES**

# **TABLE OF CONTENTS**

POINT: PLANTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES UNDER 28 U.S.C. §1927 AND THE COURT'S INHERENT POWER..................................................................................................1

    1. Plaintiff's Lodestar Fee ........................................................................5

    2. Novelty and Difficulty of the Case ......................................................5

    3. Skill Required to Perform the Legal Services Properly ......................5

    4. Preclusion of Other Employment Due to This Case............................6

    5. The Customary Fee ..............................................................................6

    6. Whether the Fee Is Fixed Or Contingent ............................................6

    7. Time Limitation Imposed By Client or Circumstances ......................6

    8. Amount Involved and Result Obtained................................................6

    9. The Experience, Reputation, and Ability of Plaintiff's Counsel .........6

    10. The "Undesirability" of the Case .......................................................6

    11. Nature and Length of Professional Relationship ..............................6

    12. Awards in Similar Cases....................................................................6

CONCLUSION................................................................................................7

## TABLE OF AUTHORITIES

*Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351, 362 (S.D.N.Y. 2006) *aff'd,* 2007-10-19 U.S. App. LEXIS 23122 (2d Cir. 2007) ..................................................................2

*Commissioner v. Jean*, 496 U.S. 154 (1990) ..................................................................4

*Hensley v. Eckerhar,* 461 U.S. 424, 430 and n.3 (1983) ......................................................4

*Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) .................................4

*Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) ..................................................1

*Orchano v. Advanced Recovery, Inc.*, 107 F. 3d 94, 97-98 (2d Cir. 1997) ........................4

{A060608.DOC/1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE REPUBLIC OF RWANDA,   :   07 Civ. 7663 (JSR)
:
             Plaintiff,   :
:
    -against-             :
:
JUSEPH J. FERONE,         :
FERONE & FERONE           :
333 S. HEALEY AVENUE CORP., :
:
             Defendants.  :
------------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR AN AWARD OF ATTORNEYS' FEES

Plaintiff The Republic of Rwanda submits this memorandum of law in support of its motion for an award of attorneys' fees against defendants and their attorney Alfred A. Delicata under 28 U.S.C. § 1927 and under the Court's inherent power.

**POINT: PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT POWER**

Section 1927 of Title 28 provides as follows: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct." 28 U.S.C. § 1927.

An award under § 1927 is proper "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d

Cir. 1986)." *Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351, 362 (S.D.N.Y. 2006), *aff'd*, 2007 U.S. App. LEXIS 23122 (2d Cir. 2007).

The Court's inherent power to control its own proceedings "includes the power to impose appropriate monetary sanctions on counsel or a litigant, including the assessment of attorney's fees." *Baker v. Urban Outfitters, Inc.*, *id*. Under the Court's inherent power, "a court may assess attorney's fees when a party [or lawyer] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Baker v. Urban Outfitters, Inc.*, at 362-63 (citation omitted). The standard for awarding costs and fees under the Court's inherent power "[f]or all practical purposes . . . is the same for awarding attorney's fees under 28 U.S.C. § 1927." *Baker v. Urban Outfitters, Inc.*, *id*. (citation omitted).

At the hearing on plaintiff's Order to Show Cause held on September 6, 2007, defendants' counsel insisted that defendants had a meritorious defense to the Order to Show Cause based on the argument that the words "not approved" in the rider to the contract between the parties were ambiguous, and insisted on prolonging the proceedings by submitting papers including a cross-motion for declaratory judgment." (Transcript, at 4)[1]. The Court allowed defendants to proceed with those papers and cross-motion, but the Court noted that "[t]his sounds like a delaying tactic if I ever heard one."[2]

In their cross-motion, defendants argued against the relief sought in the Order to Show Cause by continuing to make the argument that the words "not approved"

---

[1] A copy of the transcript of the September 6, 2007 hearing is attached to the Wolf Declaration as Exhibit "A."
[2] Although this case was brought by a sovereign foreign nation, defendants' counsel stated in Court that he also wanted "to ferret out the jurisdictional basis as part of the complaint for the order to show cause [sic]" (Transcript, at 4), although a jurisdictional argument was not made in the cross-motion that was subsequently served by defendants.

in the rider were ambiguous. As stated by the Court in its October 1, 2007 Memorandum Order granting the relief requested in the Order to Show Cause and dismissing defendants' cross-motion, "[w]hile defendants pretend that the words 'not approved' in the last sentence of the above-quoted portion of the rider are somehow ambiguous, such simple, straightforward language admits of no ambiguity and must be enforced." (Memorandum Order, at 3). The Court similarly denied defendants' arguments based on mistake of fact and unjust enrichment, both of which were also without foundation. (Memorandum Order, at 3-5). In addition, the Court stated with respect to an affidavit submitted on defendants' behalf by Josephine Maffei that "[t]he Maffei Affidavit misleadingly asserts that [defendant] Healey's costs associated with the purchase, site work, construction, sale and pursuit of the subdivision application total more than $1,226,000.00", whereas adding up the costs listed reveals that "the amount actually spent pursuing subdivision approval for Lot 60A to date was $25,000.00." (Memorandum Order, at 5n.1).

Plaintiff submits that defendants (two of whom are an attorney, Joseph J. Ferone, and his law firm, Ferone & Ferone, who acted as escrow agents in the underlying matter) and defendants' attorney Alfred A. Delicata did unreasonably and vexatiously multiply the proceedings in this matter, at least starting from the time of the September 6, 2007 hearing on the Order to Show Cause when they persisted in their unfounded positions. Defendants and their attorney should be required to pay the attorneys' fees incurred by plaintiff from September 6, 2007, the date of the hearing, through September 24, 2007, the date when defendants' reply affirmation on their cross-motion was

received..[3]

The Supreme Court has identified twelve factors for determining the amount of reasonable attorney's fees. *Hensley v. Eckerhart,* 461 U.S. 424, 430 and n.3 (1983) (as articulated in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974)); *accord, Commissioner v. Jean,* 496 U.S. 154 (1990); *Orchano v. Advanced Recovery, Inc,* 107 F.3d 94, 97-98 (2d Cir. 1997).

The twelve factors adopted by the Supreme Court are:

> (1) the time and labor involved;
> (2) the novelty and difficult of the case;
> (3) the skill required to perform the legal services property;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the result obtained;
> (9) the experience, reputation, and ability of the attorney;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client;
> (12) awards in similar cases.

*Hensley v. Eckerhart,* 430 and n.3.

The beginning point for determining a reasonable attorney's fee is calculating the lodestar, i.e., time reasonably spent times a reasonable hourly rate:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

Hensley v. Eckerhart, 461 U.S. at 433; *accord, Orchano v. Advanced Recovery, supra.*

The Court may then "adjust the fee upward or downward" after considering the other

---

[3] Plaintiff also seeks to recover the attorneys' fees incurred for preparation of the instant motion.

relevant factors, particularly the "important factor of the 'result obtained." *Hensley v. Eckerhart*, 461 U.S. at 434.

1. **Plaintiff's Lodestar Fee**

In this case, plaintiff's lodestar fee, determined by multiplying a reasonable hour rate times the hours spent, is a reasonable attorney's fee under the circumstances of this case. The lodestar fee is made up of the time and hourly rates set forth in the invoices marked respectively as Exhibits "B" and "A" to the accompanying declarations of David B. Wolf and Robert F. Van Lierop. The total amount of the legal fees charged to the plaintiff for the time period from September 6, 2007 through September 24, 2007 is $8217.50. (Wolf Decl. ¶ 3; Van Lierop Decl. ¶ 2).

Most of the work was performed by two attorneys, David B. Wolf and Robert F. Van Lierop, at billing rates respectively of $425 and $500 per hour. As shown in the curriculum vitae of each attorney attached to their declarations (Wolf Decl. Exh. "C"; Van Lierop Decl. Exh. "B"), both Mr. Wolf and Mr. Van Lierop are experienced practitioners with wide experience in litigation and other areas.

As explained below, none of the remaining factors identified by the Supreme Court and other courts warrants an adjustment of plaintiff's lodestar fee.

2. **Novelty and Difficulty of the Case**

This action was a straightforward action to compel the release of documents as required by the clear language of the escrow agreement.

3. **Skill Required to Perform the Legal Services Properly.**

This case required the skill of experienced counsel, although the issues were not difficult.

4. **Preclusion of Other Employment Due to This Case.**

There is no indication of such preclusion.

5. **The Customary Fee.**

Plaitiff's counsel charged plaintiff their customary hourly fees for work done in this case. Their fees are typical and customary for work in this area.

6. **Whether the Fee Is Fixed Or Contingent.**

The fees in this case were not fixed or contingent.

7. **Time Limitations Imposed By Client or Circumstances.**

It was deemed advisable to proceed by Order to Show Cause to have the deed and related documents released from escrow.

8. **Amount Involved and Result Obtained.**

The case involved the remedy of specific performance and plaintiff's counsel were successful in having the documents released from escrow and delivered to plaintiff.

9. **The Experience, Reputation, and Ability of Plaintiffs' Counsel.**

The counsel representing plaintiff were experienced, capable attorneys who had experience working on such matters.

10. **The "Undesirability" of the Case.**

The case was not undesirable, although legal action should not have been required to obtain release of the documents from escrow.

11. **Nature and Length of Professional Relationship.**

Mr. Van Lierop has represented the plaintiff for several years.

12. **Awards in Similar Cases.**

The lodestar fee sought by plaintiff in this case is reasonable.

Based on the evaluation of the above factors, the amount of $8217.50 in legal fees is a reasonable amount for this case and should be awarded to plaintiff under 28 U.S.C. § 1927 and the Court's inherent power.

## **CONCLUSION**

Plaintiff respectfully requests that the Court grant its motion for an award of attorneys' fees in the amount of $8217.50, and for such other and further relief as the Court may deem just and proper. In its reply papers plaintiff will advise the Court of the amount of the fees incurred for the preparation of the instant motion.

Dated: October 19, 2007

COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP

By: _____
David B. Wolf (DW-2077)
41 Madison Avenue – 34th Floor
New York, New York 10010
212. 974-7474
dwolf@cdas.com

Attorneys for Plaintiff
The Republic of Rwanda

7

# PROOF OF SERVICE

I am employed in the County of New York, State of New York. I am over the age of 18 and not a party to the within action; my business address is 41 Madison Avenue, 34th Floor, New York, New York 10014.

On **October 19, 2007,** I caused to be served, via e-mail and Federal Express, the following:

**NOTICE OF MOTION;**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES;**

**DECLARATION OF DAVID B. WOLF;** and

**DECLARATION OF ROBERT F. VAN LIEROP**

addressed as follows:

> **Alfred A. Delicata, Esq.**
> **484 White Plains Road**
> **Eastchester, NY 10709**
> **italdel@aol.com**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at New York, New York on this 19th day of October, 2007.

_____
Deborah Mays

{A060749.DOC\1}