UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE REPUBLIC OF RWANDA,      :     07 Civ. 7663 (JSR)
                             :
              Plaintiff,     :
                             :
     -against-               :     **DECLARATION**
                             :
JUSEPH J. FERONE,
FERONE & FERONE
333 S. HEALEY AVENUE CORP.,
                             :
              Defendants.    :
------------------------------------------------------------x

**DAVID B. WOLF**, declares and states:

1. I am a partner at the firm Cowan DeBaets Abrahams & Sheppard LLP, attorneys for the plaintiff The Republic of Rwanda in the above action and submit this declaration in support of plaintiff's motion for an award of attorneys' fees against defendants and their attorney Alfred A. Delicata under 28 U.S.C. § 1927 and under the Court's inherent power.

2. Attached hereto as Exhibit "A" is a true copy of the transcript of the conference before the Court on September 6, 2007.

3. Attached hereto as Exhibit "B" is a true copy of my firm's invoice to the plaintiff dated September 30, 2007 which includes the period from September 6, 2007, the date of the hearing on the Order to Show Cause, through September 24, 2007, when defendants' reply affirmation was received. The fees for that work, including time spent by myself and by my associate Alexis N. Mueller, amount to $3467.50. At the time

1

of the submission of plaintiff's reply papers on this motion, we will provide copies of the invoices of my colleague Robert F. Van Lierop and of myself for the work on plaintiff's behalf in connection with the instant motion.

    4. Attached hereto as Exhibit "C" is a true copy of my curriculum vitae.

Dated: New York, New York

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2007

                                                 _____
                                                 David B. Wolf (DW-2077)

# EXHIBIT A

```
                              796RRWAC.txt
                                                                         1
     796rrwac
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   THE REPUBLIC OF RWANDA,
 3
 4                Petitioner,
 4
 5         v.                                07 Civ. 7663 (JSR)
 5
 6   JOSEPH J. FERONE, et al.,
 6                                           Conference
 7                Respondent
 7
 8   ------------------------------x
 8
 9                                           New York, N.Y.
 9                                           September 6, 2007
10                                           4:30 p.m.
10
11   Before:
11
12         HON. JED S. RAKOFF
12
13                                           District Judge
13
14         APPEARANCES
14
15
15
16
16   COWAN DeBAETS ABRAHAMS & SHEPPARD LLC
17   Attorneys for Plaintiff
17         41 Madison Avenue, 34th floor
18         New York, New York  10010
18         (212) 974-7474
19   BY:   DAVID B. WOLF, ESQ.
19         ROBERT F. VAN LIEROP, ESQ.
20
20
21   ALFRED A. DELICATA, ESQ.
21   Attorney for Defendants
22         484 White Plains Road
22         Eastchester, New York  10709
23         (914) 337-8080
23
24
25
                   SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
                                                                         2
     796rrwac
 1         (Case called)
 2         THE CLERK:  Counsel, please state your name for the
 3   record.
 4         MR. WOLF:  David Wolf for the plaintiff, your Honor.
 5         MR. VAN LIEROP:  Robert Van Lierop for the plaintiff,
 6   your Honor.
 7         MR. DELICATA:  Alfred Delicata for the defendants,
 8   your Honor.
 9         THE COURT:  Good afternoon.  We are here on an order
                                 Page 1
```

```
                                796RRWAC.txt
10   to show cause.  The Republic of Rwanda says it entered into a
11   contract of sale with one of the defendants, 333 South Healy
12   Avenue Corporation, provided that plaintiff would execute a
13   deed and transfer document which would be held in escrow, and
14   if after three years defendant had not received certain
15   approvals, the documents would be returned to plaintiff.
16           Plaintiff says that it executed the deed and transfer
17   documents in February 2004 but at the end of the three-year
18   period the defendant had not obtained the necessary approvals,
19   but their attorney, which is the co-defendant Ferone & Ferone
20   and Joseph J. Ferone, Esq., refused to return the deed and
21   transfer of documents.  They are asking for an order to compel
22   that return.
23           Let me hear first from defense counsel.
24           MR. DELICATA:  Your Honor, I think that the facts are
25   as you stated.  I just have a problem with the contract and the
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                         3
     796rrwac
 1   interpretation of the three-year period.  That would be the
 2   basis of any defense going forward at this time.  We don't
 3   agree that the three-year period is a hard and fast three-year
 4   rule but that the three-year period is subject to
 5   interpretation.  That's basically how we are proceeding.
 6           THE COURT:  I have here the contract.  What do you
 7   think is the relevant provision?
 8           MR. DELICATA:  Judge, paragraph 38, the last sentence,
 9   the first part of the last sentence.
10           THE COURT:  Hang on just one second.  Paragraph 38:
11           "Seller is in the process of obtaining a subdivision
12   of the property located at 333 South Healy Avenue as Peritech's
13   subdivision plan.  At the time of closing herein, purchaser
14   shall execute a deed and all necessary transfer documents to
15   convey lot 60A to seller herein.  Said deed and transfer
16   documents shall be held in escrow by the seller's attorney and
17   will be duly recorded upon said approval of said subdivision.
18           "Seller shall have three years from the closing of
19   title to obtain subdivision approval.  Purchaser will execute
20   all necessary papers and applications required in the Town of
21   Greenburgh or any other municipal board owner to process the
22   existent subdivision and/or any papers that must be filed.  All
23   costs shall be borne by seller.
24           "Purchaser agrees not to object, oppose, or take any
25   unfavorable position in any proceeding conducted by the Town of
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                         4
     796rrwac
 1   Greenburgh or municipal boards in relation to the sought-after
 2   subdivision.  In the event the subdivision is not approved, the
 3   deed of transfer documents for the subdivision parcel shall be
 4   returned to purchaser and no further action taken or required."
 5           How do you interpret that?
 6           MR. DELICATA:  Your Honor, if I could direct your
 7   attention to the last sentence of the paragraph that you just
 8   cited, "In the event the subdivision is not approved."  My
 9   clients had an application pending up until the time that the
10   Republic of Rwanda submitted correspondence to the deputy town
11   attorney, thereby pulling the application.
12           Although the subdivision approval was not granted
13   within the three-year period that's stated in this contract,
14   your Honor, we feel that based on the tremendous amount of
                                   Page 2
```

```
                              796RRWAC.txt
15      money, time, and expenditure that my client put forth on this
16      matter, it outweighs this three-year milestone.
17              Our contention, Judge, is that the three years was in
18      here just to be a milestone or a mile marker to keep the
19      parties moving.  My client had a pending application with the
20      Town of Greenburgh --
21              THE COURT:  I'm not sure I understand.  The operative
22      sentence so far as the three years is, "Seller shall have three
23      years from the closing of title to obtain subdivision
24      approval."  It doesn't say seller shall have roughly three
25      years.  It doesn't say seller shall consider three years a
                      SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
```

5

```
        796rrwac
 1      marker at which time it had better get its act together.  It
 2      doesn't say by the word "shall" we mean maybe or hopefully.  It
 3      doesn't say that by the word "three" we mean three or four or
 4      five or six.
 5              Where is the ambiguity?
 6              MR. DELICATA:  Judge, our position is that is
 7      ambiguous because the subdivision was not not approved.  We are
 8      asserting, Judge, that there is a difference between a denial
 9      and a nonapproval.  We did not transfer this lot in the effort
10      to not get a subdivision.  If we didn't get a subdivision, if
11      the subdivision was denied, then obviously we would be more
12      than happy to transfer this lot, which has tremendous value of
13      its own and on its own right.
14              THE COURT:  It doesn't say in the event of denial.  It
15      says, "In the event the subdivision is not approved, the deed
16      and transfer document for the subdivision parcel shall be
17      returned to purchaser with no further action taken or
18      required."
19              It doesn't say in the event the subdivision is denied.
20      It doesn't say in the event the subdivision is not approved but
21      we've spent a lot of time and energy.  It doesn't say that in
22      the event the subdivision is not approved the deed and transfer
23      document for the subdivision parcel may or may not be returned
24      to purchaser at the option of the seller.
25              Where do you see any ambiguity here?
                      SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
```

6

```
        796rrwac
 1              MR. DELICATA:  Respectfully, Judge, I understand your
 2      position.
 3              THE COURT:  It's not a position.  I just thought I
 4      learned in school in like about the second grade that "shall"
 5      means shall, it doesn't mean may; that "three" means three,
 6      doesn't mean four; that not proved is not the equivalent of
 7      denied.  Was my second grade teacher deficient?
 8              MR. DELICATA:  Probably not, your Honor.  My point is
 9      that "not approved" to my clients signifies something other
10      than the time elapsed.  We are asserting that "not approved"
11      indicates that the matter was heard by the town board, the
12      matter was passed on by the town board, and it was denied.
13              THE COURT:  Do you have the deed and transfer
14      documents with you?
15              MR. DELICATA:  No, I do not, your Honor.
16              THE COURT:  Where are they?
17              MR. DELICATA:  In my office.
18              THE COURT:  Is there any reason you cannot deliver
19      that to the plaintiff before the close of business on Friday?
                                 Page 3
```

```
                              796RRWAC.txt
20          MR. DELICATA:  Probably not, your Honor.  Probably by
21   Saturday would not be a problem.  I can get back to my office
22   today, place them in overnight courier.
23          THE COURT:  I will give you until the close of
24   business Monday to deliver them.  As I said, they need to
25   receive them through some effective means by 5 p.m. on Monday.
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                     7
     796rrwac
 1   You of course are free to appeal this ruling.  But short of any
 2   appeal, any failure to comply with this order will be deemed
 3   contempt of court.
 4          Anything else we need to take up today?
 5          MR. DELICATA:  Judge, I would like to be heard on the
 6   record that it was my understanding that this matter was on for
 7   a preliminary conference today and that you were going to set a
 8   date for an order to show cause, our answering papers to be
 9   submitted.  I was not coming down here today, your Honor,
10   respectfully, to argue the merits of plaintiff's position
11   without --
12          THE COURT:  You haven't provided any basis for why it
13   would be a provident use of my time to have papers, nor do I
14   understand how you got that understanding.  This was an order
15   to show cause.  Rather than issuing it ex parte, without
16   hearing from counsel for the defendants, I told counsel for the
17   plaintiff in no uncertain terms that I wanted to hear from the
18   other side before I started signing their proposed order.
19          Now I have heard from the other side.  What is it you
20   think that you would put into papers that you haven't said here
21   today?
22          MR. DELICATA:  Judge, I would like to have an
23   opportunity to ferret out the jurisdictional basis as part of
24   the complaint for the order to show cause.  Also, I would like
25   to cross-move to seek declaratory judgment in this matter.
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                     8
     796rrwac
 1          THE COURT:  You can make any cross-motion you want,
 2   but we are not going to hold things up for that.  This sounds
 3   like a delaying tactic if I ever heard one.
 4          What is your claim with respect to jurisdiction, the
 5   plaintiff here being a sovereign foreign nation and therefore a
 6   classic litigant in these courts?
 7          MR. DELICATA:  Your Honor, again, I didn't have an
 8   opportunity to ferret out all the claims or issues I would like
 9   to.  We were down here on a preliminary conference.  I was
10   prepared to argue --
11          THE COURT:  No, you weren't down here on a preliminary
12   conference.  You are here instead of, as the law would have
13   permitted me, instead of my signing an order to show cause in
14   your absence, ex parte, requiring you to show cause why the
15   relief that they have requested on an emergency expedited basis
16   should not be granted.  I said to them to get you down here so
17   that you can tell me why they are wrong.  You haven't given me
18   any reason why they are wrong.
19          But I'll give you the following option.  If you want
20   to put in papers, then by Monday at 5 p.m. you need to deliver
21   the deed and transfer documents to the Court, and I will hold
22   them in escrow until I have resolved whatever you want to
23   present to me in writing.
24          I think the simplest thing to do is send them directly
                                  Page 4
```

```
                              796RRWAC.txt
  25   to my chambers, and then I will give them to the clerk of the
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                            9
       796rrwac
   1   court to hold in escrow.  I'm not going to hold them
   2   personally.  I'm going to give them to the clerk of the court.
   3   That way I can make sure that it is properly accounted for.
   4   Arrange for some sort of service or personally, however you
   5   prefer to do it, as long as I have it by 5 p.m. on Monday.
   6            Then, when do you want to put in your papers?
   7            MR. DELICATA:  Two weeks, your Honor.
   8            THE COURT:  This is not rocket science.  What about
   9   the situation would take you two weeks?
  10            MR. DELICATA:  Your Honor, if this is going to be the
  11   forum for this matter --
  12            THE COURT:  If I had signed the order to show cause,
  13   under the federal rules it would be returnable maximum ten
  14   days, and it could be much shorten that.  I'm happy to give you
  15   a week, but I'm not happy to give you two weeks.
  16            Your papers should be served and filed by -- today is
  17   Thursday.  I'll give you to Friday of next week.  That's
  18   September 14th.  I assume plaintiff's counsel can get their
  19   answering papers by a week after that.
  20            MR. WOLF:  Absolutely, sir, perhaps earlier.
  21            THE COURT:  I want to set a date certain.  If you want
  22   an earlier date, tell me.
  23            MR. WOLF:  We will have them to you by the following
  24   Wednesday, your Honor.
  25            THE COURT:  That would be the 19th.  If there are any
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                           10
       796rrwac
   1   reply papers, they need to be served by the 21st.  I'm not sure
   2   I'm going to need oral argument.  Let me look at the papers.  I
   3   may be able to decide it then on the papers.  If I need further
   4   oral argument, I'll reach out to counsel jointly and we'll set
   5   up an oral argument.  Certainly I'm going to resolve this one
   6   way or another by September 28th, hopefully sooner.
   7            Anything else we need to take up today?
   8            MR. WOLF:  No, your Honor.
   9            MR. DELICATA:  No.  Thank you, your Honor.
  10            THE COURT:  Thanks very much.
  11            (Adjourned)
  12
  13
  14
  15
  16
  17
  18
  19
  20
  21
  22
  23
  24
  25
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300

                                    Page 5
```

# EXHIBIT B

# Cowan, DeBaets, Abrahams & Sheppard LLP

Attorneys at Law
41 Madison Avenue, New York, NY 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
Web: www.cdas.com
E-Mail: cdas@cdas.com

Republic of Rwanda
H.E. Mr. Joseph Nsengimana
Ambassador/Permenent Representative
Permanent Mission of Republic of Rwanda to the United Nations
124 East 39th Street
New York, NY  10016

Bill Date: September 30, 2007
Bill # 35011
Client # 04905 - 00001

**RE:**

| | | | | Hrs. | Rate | Amount |
|---|---|---|---|---|---|---|
| **FOR PROFESSIONAL SERVICES RENDERED** | | | | | | |
| 08/17/07 | ANM | Research regarding contractual provisions, mutual mistake and ambiguity in 333Corp contract. Summary of findings. | | 2.40 | 125 | 300.00 |
| 08/21/07 | DBW | Conference with RVL. | | 1.00 | 425 | 425.00 |
| 08/23/07 | DBW | Telephone conference with RVL; review documents. | | 0.80 | 425 | 340.00 |
| 08/25/07 | DBW | Telephone call with RVL. | | 0.30 | 425 | 127.50 |
| 08/27/07 | DBW | Affidavit; complaint; review documents. | | 3.80 | 425 | 1,615.00 |
| 08/28/07 | DBW | Court papers; filing; conference with Judge; letter to Ferone; telephone conference with Ferone. | | 5.80 | 425 | 2,465.00 |
| 08/31/07 | DBW | Conference with TMB. | | 0.30 | 425 | 127.50 |
| 09/06/07 | DBW | Preparation for and attendance at Court hearing on motion. | | 3.50 | 425 | 1,487.50 |
| 09/13/07 | DBW | Telephone conference with RVL; review Delicata letter to court. | | 0.30 | 425 | 127.50 |
| 09/17/07 | DBW | Defendant's motion papers; conference with RVL; conference with ANM. | | 2.30 | 425 | 977.50 |
| 09/18/07 | ANM | Further research regarding contractual provisions, mutual mistake and ambiguity in 333Corp contract. Finalized summary of findings. Meeting regarding same. | | 2.80 | 125 | 350.00 |
| 09/19/07 | ANM | Revisions to Memorandum of Law in further support of the order to show cause and in opposition to the cross-motion in 333Corp. Matter. | | 0.80 | 125 | 100.00 |
| 09/24/07 | DBW | Defendants' reply affirmation; letter to Judge | | 1.00 | 425 | 425.00 |
| 09/26/07 | DBW | Telephone call with RVl. | | 0.10 | 425 | 42.50 |
| | | **TOTAL FEES FOR THIS MATTER** | | | | **$8,910.00** |

**DISBURSEMENTS**
08/28/07    U.S. District Court Southern District of New York re: Republic of Rwanda.                                350.00

Gowan, DeBaets, Abrahams & Sheppard LLP   Client # 04905 - 00001   Bill# 35011   Page 2

**TOTAL DISBURSEMENTS FOR THIS MATTER**   **$350.00**

**SUMMARY OF CHARGES ON THIS BILL**   through September 30, 2007

| Init. | Name | Hrs. | Rate | Amount |
|---|---|---|---|---|
| ANM | | 6.00 | 125 | $750.00 |
| DBW | | 19.20 | 425 | $8,160.00 |

| | | |
|---|---|---|
| Total fees | 25.20 | $8,910.00 |
| Total disbursements | | $350.00 |
| Total charges for this bill | | $9,260.00 |
| Net current charges | | $9,260.00 |
| Less prepaid cash applied | | $8,000.00 |
| Net charges due | | $1,260.00 |
| **TOTAL BALANCE NOW DUE** | | **$1,260.00** |

# EXHIBIT C

DAVID B. WOLF

Cowan DeBaets Abrahams & Sheppard LLP
41 Madison Avenue – 34th Floor
New York, New York 10010
(212) 974-7474
(212) 974-8474 (fax)
E-mail: dwolf@cdas.com

Employment History

Partner
Cowan, DeBaets, Abrahams & Sheppard LLP
New York, New York

Partner and head of litigation at this firm that for many years has represented clients in the media, intellectual property, and entertainment areas.

Litigation Counsel/Associate         June 1994-December 1997
    General Counsel
Time Inc.
New York, New York

Started the in-house litigation practice at Time Inc., handling cases in copyright, libel, contract, and other areas.  Handled all aspects of the cases, including discovery, motion practice, trials, and appeals.  Significant results include victory in a copyright jury trial for *Sports Illustrated* in Miami federal court, victory in a landmark copyright decision concerning attorney's fees in the Eleventh Circuit Court of Appeals, and successful results in other matters.

Partner                              January 1980-June 1994
Walter, Conston, Alexander               (Partner since 1982)
    & Green, P.C.
New York, New York

Head of the Intellectual Property Department and a litigation partner at this international law firm.

Concentrating in copyright, trademark, libel, and contract matters, I handled all aspects of litigations, including trials and appeals.  In addition to intellectual property cases, I handled general commercial litigation.  My practice involved significant representation of clients overseas, particularly in Europe.

Significant results included handling several cases involving the copyright protection of maps, including representing Langenscheidt, Rand McNally, and Hammond as amici curiae in the successful appeal of the *Mason v. Montgomery Data* copyright infringement case before the U.S. Court of Appeals for the Fifth Circuit (which also quoted from my article on the subject), won a landmark case in the use of offers of judgment in copyright cases in *Jordan v. Time Inc.* in the Eleventh Circuit, and wrote the winning amicus brief in the Southern District of New York in the test case on electronic publishing, *Random House v. Rosetta*.

Education

B.A. Yale University, 1967
    Major: History, the Arts, and Letters
    Magna cum laude, Phi Beta Kappa

M.Phil. Yale University, 1971
    Completed all requirements for the PhD, except the thesis, in Comparative Literature.

J.D. University of Pennsylvania Law School, 1974
    Associate Editor, Law Review

LL.M. New York University Law School, 1996
    Trade Regulation (primarily Intellectual Property)

Bar Admissions

New York, 1975
S.D.N.Y., E.D.N.Y., Second Circuit, and other federal courts

Publications

"New Landscape in the Copyright Protection for Maps: *Mason v. Montgomery Data, Inc.*," 40 Journal of the Copyright Society 401 (1993).

"Is There Any Copyright Protection for Maps After Feist?", 39 Journal of the Copyright Society 224 (1992), quoted in *Mason v. Montgomery Data, Inc.*, 967 F.2d 135 (5th Cir. 1992).

"'Effective Protection Against Unfair Competition' Under
Section 44 of the Lanham Act," 82 Trademark Reporter 33 (1992).

Memberships

Association of the Bar of the City of New York
    Committee on Copyright and Literary Property, +-
    1991-94, 1995-2001, 2005-

    Chair, 1998-2001

    Chair, Subcommittee on Proposed UCC 2B on Licenses of
    Information and Software Contracts, 1998

New York State Bar Association
    Committee on Media Law, 1998-

The Copyright Society of the U.S.A.
    Trustee, 1994-96, 2001-04

Teaching and Speaking

Adjunct Professor (Copyright Litigation), Fordham Law School, 2002-

I have been a speaker on copyright and related issues at bar association, industry, and other groups.

# PROOF OF SERVICE

I am employed in the County of New York, State of New York. I am over the age of 18 and not a party to the within action; my business address is 41 Madison Avenue, 34th Floor, New York, New York 10014.

On **October 19, 2007,** I caused to be served, via e-mail and Federal Express, the following:

**NOTICE OF MOTION;**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES;**

**DECLARATION OF DAVID B. WOLF;** and

**DECLARATION OF ROBERT F. VAN LIEROP**

addressed as follows:

**Alfred A. Delicata, Esq.**
**484 White Plains Road**
**Eastchester, NY 10709**
**italdel@aol.com**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at New York, New York on this 19th day of October, 2007.

_____
Deborah Mays