**TABLE OF CONTENTS**

POINT: PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES UNDER 28 U.S.C. § 1927 OR THE COURT'S INHERENT POWER………………………………………………………………............1

CONCLUSION………………………………………………………………..5

# **TABLE OF CASES**

Avent v. Solfaro, 223 F.R.D. 184; (S.D.N.Y. 2004)……………………………………….3

Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir. 1980)…………………………………..5

Novelty Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 72-73 (S.D.N.Y. 1991)……………...3

Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986)……………………………...3,4

Sam & Mary Housing Corp. v. New York State, 632 F. Supp. 1448, 1452 (S.D.N.Y. 1986)……………………………………………………………………………………3

United States v. International Brotherhood of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991)…………………………………………………………………………………….3,5

Weaver v. Chrysler Corp., 14 Fed. Appx. 136, 137 (2d Cir. 2001)………………………4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X          07 Civ. 7663(JSR)
THE REPUBLIC OF RWANDA,

              Plaintiff,

   -against-

JOSEPH J. FERONE, ESQ.; FERONE &
FERONE and 333 S. HEALEY AVENUE CORP.,

             Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES

Defendants Joseph J. Ferone; Ferone & Ferone; and 333 S. Healey Avenue Corp., hereby respectfully submit this memorandum of law in opposition to the Plaintiff's motion for an award of attorneys' fees pursuant to 28 U.S.C § 1927 and the Court's inherent power.

**POINT:  PLAINTIFF IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES UNDER 28 U.S.C. § 1927 OR THE COURT'S INHERENT POWER**

It is well settled that any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

This provision is designed to deter unnecessary delays in litigation by imposing upon attorneys an obligation to avoid dilatory tactics. Sanctions under § 1927 require a finding of bad faith, which can be inferred "when the attorney's actions are so completely

2

without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." United States v. International Brotherhood of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991)).

Courts have looked to the original intent of 28 U.S.C. § 1927 to determine its application, finding that its purpose is to "deter unnecessary delays in litigation" and, unlike Rule 11, requires a subjective determination of a "clear showing of bad faith." Novelty Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 72-73 (S.D.N.Y. 1991) (*citing* H.R.Conf.Rep. No. 1234, 96th Cong., 2d Sess. 8, 1980 U.S.Code Cong. & Admin.News 2716, 2782); Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986). Additionally, courts have indicated that a showing of "bad faith to willfully abuse the judicial process" is necessary to assess any fees against counsel. Sam & Mary Housing Corp. v. New York State, 632 F. Supp. 1448, 1452 (S.D.N.Y. 1986)

"A court's power under 28 U.S.C.S. §1927, carries a potential for abuse and, the United States Court of Appeals for the Second Circuit has held that the statute should be construed narrowly so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law. Courts must look to the original intent of 28 U.S.C.S. § 1927 to determine its application, finding that its purpose is to deter unnecessary delays in litigation and, unlike Fed. R. Civ. P. 11, requires a subjective determination of a clear showing of bad faith. Additionally, courts have indicated that a showing of bad faith to willfully abuse the judicial process is necessary to assess any fees against counsel." Avent v. Solfaro, 223 F.R.D. 184; (S.D.N.Y. 2004).

At the hearing on plaintiff's Order to Show Cause held on September 6, 2007, (a transcript of same is annexed to the Wolf Declaration) the Court offered the following to

3

defendants' counsel: " But I'll give you the following option.  If you want to put in papers, then by Monday at 5p.m. you need to deliver the deed and transfer documents to the Court…" (Transcript, at pg. 4)  Thereafter the Court granted the defendants' counsel eight days from the date of the conference for submission of papers.  Given the tremendous financial interest at stake, it was not unreasonable for defendant's counsel to put in written opposition to the Order to Show Cause.  The standard for sanctions and the imposition of fees is clearly higher than simply filing response papers in a matter of such importance to a client.  Defendants' counsel did not engage in unnecessary discovery; defend a lawsuit on behalf of a client who is not a proper party and subject opposing counsel to laborious discovery; file frivolous motions or act in a manner disrespectful to the Court or opposing counsel.  It should be noted that dilatory tactics which are essential to support a claim were not utilized and that even with the filing of the motion papers in opposition the whole matter was resolved in a scant 25 days. (September 6, 2007 Conference to October 1, 2007 issuance of Memorandum Order).

The standard for relief to impose sanctions under 28 U.S.C. § 1927, as set forth in Weaver v. Chrysler Corp., 14 Fed. Appx. 136, 137 (2d Cir. 2001) is that "the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes."  An award of sanctions under the court's inherent power requires both "clear evidence that the challenged actions are *entirely without color*, and are taken for reasons of harassment or delay or for other improper purposes, and a high degree of specificity in the factual findings of the lower courts." Oliveri v. Thompson, id  A claim is colorable "when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim."

4

Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir. 1980). "Bad faith is the touchstone of an award under this statute." United States v. International Brotherhood of Teamsters, id. Finally, a mere suggestion by parties of bad faith, absent clear evidence, is inconsistent with the narrow interpretation of 28 U.S.C. § 1927 that the Second Circuit requires.

  The requirements that satisfy the classic tests are not present at bar. Defendants' counsel's actions were not so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose or were in pursuit of claims that were entirely without color. That opposing counsel subjectively believes that the opposing motion was meant as a delay tactic is of little consequence. To award such draconian relief against an attorney or litigant, the conduct must be so opprobrious as to shock the conscience. Filing response papers to an Order to Show Cause where the financial import to the defendants is life changing, clearly fails to rise to the level of conduct that would warrant the imposition of fees.

  Additionally, before an award of fees it must be proven that the claims were completely without merit. Defendants' counsel did not propound baseless arguments in their opposition papers. Although at the conference, a possible jurisdictional claim was raised, same was not included in the papers. The remaining claims based upon sound contract and equity principles were not utterly devoid of a legal or factual basis. Defendants' counsel did not make any wild assertions or propound any specious theories without precedent. The defendants were entitled to a vigorous defense and defendants counsel acted within the normal parameters of practice as any similarly situated attorney.

  With reference to the amount sought by counsel, defendants submit that said amount is dramatically overstated. We will not quarrel with the reputations and

achievements of counsel but do take exception to the totality of the bill. Counsel seeks fees for time expenditures of two attorneys and a paralegal. Defendants submit that the time expended by counsel is duplicative and unwarranted under the circumstances. Moreover, while defendants strenuously object to an award of any fees, plaintiff's counsel should not be entitled to make a claim for any fees for preparation and attendance at the September 6, 2007 conference which was precipitated by their Order to Show Cause.

## **CONCLUSION**

Defendants respectfully request that the Court deny Plaintiff's motion for an award of attorneys' fees.

Dated: October 31, 2007

                                                                                              _____
                                                                                              Alfred A. Delicata (AD-2875)
                                                                                                Attorney for Defendants
                                                                                                484 White Plains Road
                                                                                                Eastchester, New York 10709
                                                                                                (914) 337-8080

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE REPUBLIC OF RWANDA,

                Plainitfff,                              07 Civ. 7663  (JSR)

    -against-

JOSEPH J. FERONE, ESQ.; FERONE &
FERONE and 333 S. HEALEY AVENUE CORP.,

                Defendants.
------------------------------------------------------------X

      CERTIFICATE OF SERVICE OF DEFENDANTS' MEMORANDUM OF LAW

   I certify that a true and correct copy of the attached Memorandum of Law, were SENT VIA OVERNIGHT COURIER  and E-MAIL before 5:00 p.m. on October 31, 2007 to the attorneys of record for all of the parties in this action at the addresses listed below:

   1.      David Bruce Wolf, Esq.
           Attorney for Plaintiffs
           41 Madison Avenue-34th Floor
           New York, New York 10010
           dwolf@cdas.com

                                            _____
                                            BRIDGET STAFF

Sworn to before me this 31st
day of October, 2007

_____
NOTARY PUBLIC

7