```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
THE REPUBLIC OF RWANDA,               :
                                      :
            Plaintiff,                :   07 Civ. 7663 (JSR)
                                      :
        -v-                           :   MEMORANDUM ORDER
                                      :
JOSEPH J. FERONE, ESQ., FERONE &      :
FERONE, and 333 S. HEALEY AVENUE      :
CORP.,                                :
                                      :
            Defendants.               :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

  By Memorandum Order dated On October 1, 2007, this Court granted plaintiff's request for injunctive relief compelling defendants to release deed and transfer documents from escrow and deliver them to plaintiff. At that time, the Court also denied defendants' cross motion to rescind the contract. Plaintiff has since moved, pursuant to 28 U.S.C. § 1927 and the Court's inherent power, for an award of attorneys' fees. The Court now denies that motion.

  28 U.S.C. § 1927 reads: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An award of fees under the statute requires a finding of bad faith. <u>United States v. Int'l Bhd. of Teamsters</u>, 948 F.2d 1338, 1345 (2d Cir. 1991). Similarly, pursuant to the inherent power of the court to control its own proceedings, attorneys' fees may be awarded "when the losing party

has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986) (internal quotation marks omitted). As the Second Circuit has explained, the only meaningful difference between a fee award made under § 1927 and an award made pursuant to the court's inherent power is that an award under § 1927 may be made only against an attorney, whereas an award under the court's inherent power may be against an attorney, a party, or both. Id. at 1273.

However, an award of attorneys' fees must not be made absent "clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes." Id. at 1272 (internal quotation marks omitted). A claim is "colorable" for the purpose of awarding fees "when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim. The question is whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts actually had been established." Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir. 1980).

Here, although the Court's Order held that the contractual rider at issue was unambiguous, that there was no mutual mistake of fact, and that enforcing the contract would not result in plaintiff's unjust enrichment, defendants' legal arguments to the contrary were not so entirely without color as to support an award of fees. For example, it was clear to the Court that defendants' counsel, based on

2

the history of the matter, had a good faith belief that, although erroneous, was not beyond the bounds of reason, that plaintiff would be unjustly enriched by enforcement of the contract.

Accordingly, defendants' motion for attorneys' fees is hereby denied.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         March 31, 2008